

# The Attorney General of Texas

June 28, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. John P. Parsons
Commissioner
Credit Union Department
914 East Anderson Lane
Austin, Texas    78752

Opinion No. JM-42

Re:   Whether   certain   school
funds   may   be   deposited   in
credit unions

Dear Mr. Parsons:

You have asked whether an independent school district may deposit "activity funds" in a credit union in Texas. In a letter to this office, you characterized "activity funds" as:

> [T]hose monies belonging to various organizations such as the PTA (Parent-Teachers Association), school bands, drill team clubs, and athletic booster clubs which are held by a school district for safekeeping and accounting. The monies are not derived from taxes but are generally obtained by an organization through solicitation of contributions, promotions and similar functions for the sole benefit of the organization, with such monies being the property of the organization and not the school districts. The school district merely acts as custodian of the monies.

In Attorney General Opinion MW-272 (1980), this office concluded that the School Depository Act, Education Code sections 23.71 et seq., to which independent school districts are subject, requires that a "school depository" shall be a bank located in Texas. Sec. 23.74. The opinion held that a savings and loan association does not qualify as a "bank" within the meaning of this provision. See §23.73 (definition of "bank"). In Attorney General Opinion MW-534 (1982), this office held that a credit union is not a "banking corporation, association or individual banker." It follows, in our opinion, that credit unions are not "banks" within the meaning of the School Depository Act, and therefore may not serve as school district depositories.

If an independent school district may not use a credit union as its depository, it necessarily follows that any funds that must be placed in the depository by the school district may not be deposited

in a credit union. Thus, the next step in our analysis is to determine whether any statute requires an independent school district to deposit in the school depository the "activity funds" that you have described. Although the School Depository Act contains elaborate procedures to be followed by school districts in selecting their depository, it offers no clue as to what school funds must be deposited therein. There are statutes requiring that certain funds be placed in the school depository, see, e.g., Educ. Code §§23.94(d); 23.95(f) (tax revenues); 16.254(c) (foundation school funds); 15.10(d) (state available school funds), but we have found no statute that touches upon the funds about which you are concerned, and our attention has been directed to no such statute.

In a letter which was submitted to this office, the Texas Education Agency urges that "co-curricular activity" funds, as that term is defined in Texas Education Agency Bulletin 679, must be placed in the school depository. The agency asserts:

> Briefly stated, it is the position of the Texas Education Agency that funds deriving from co-curricular, school-related activities and held in trust by Texas public school districts for a dedicated purpose are under the control of each district's Board of Trustees for the purpose of the trust. Accordingly, such co-curricular funds must be both fully accounted for and accorded the same measures of care, collateral protection and safekeeping as are public funds derived from state appropriations, local taxes and federal grants.

> To assure this the State Board of Education and the Commissioner of Education promulgated, effective April 9, 1982, significant changes in Texas Education Agency Bulletin 679, adopted by reference at 7 Tex. Reg. 1300, March 26, 1982. These changes, effective September 1, 1982, require all school districts to treat and account for co-curricular funds as a part of the General Fund under the direct control of each school district's Board of Trustees. . .

> . . . .

> Because co-curricular funds have been, since September 1, 1982, unarguably under the control of the Board of Trustees of each Texas public school district, it is our opinion that these funds must be deposited by each public school district only as prescribed by the School Depository Act. . .

and may not be separately deposited with any
financial entity other than the district's school
depository bank or banks.

We understand that "co-curricular activity" funds are funds
deriving from "school sponsored events or activities that are financed
or subsidized from public school funds." TEA Bulletin 679, Procedure
CDE-402. It is true that Bulletin 679 places these funds in the
category of "general funds" which are under the control of the boards
of trustees in the school districts. It is also true that school
districts are required to account for general funds. See, e.g., TEA
Bulletin 679, Procedures CDE-402; CDE-406; APP-B-2; see also Educ.
Code §21.256 (annual audit of school district fiscal accounts). It
does not follow, however, that these funds "may not be separately
deposited with any financial entity other than the district's school
depository bank or banks." As we have noted, we have found no statute
that requires that these funds be deposited in the school depository.
We have not, moreover, found any provision in Bulletin 679 that
imposes such a requirement. To require districts to account for a
certain class of funds is not, in our opinion, to require them to
deposit those funds in a particular place. It may be (although we do
not decide this issue) that the Texas Education Agency possesses the
requisite statutory authority to promulgate an administrative
regulation requiring independent school districts to deposit
"co-curricular activity" funds in their depository. It has not done
so, however.

Because no statute or administrative regulation to which our
attention has been directed requires independent school districts to
deposit in their depositories the "activity funds" that you have
described, we conclude that districts may place these funds in credit
unions.

### S U M M A R Y

Independent school districts may deposit
"activity funds," as herein defined, in credit
unions in Texas.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Yolanda McKeeman
Jim Moellinger
Nancy Sutton